IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| LISA D. RUNYON, | ) | | |
| Plaintiffs, | ) | | |
| vs. | ) | No. | 12-CV-08662 |
| | ) | | |
| HEAVNER, SCOTT, BEYERS & | ) | Assigned Judge: Charles R. Norgle |
| MIHLAR, LLC, | ) | | |
| Defendant. | ) | Magistrate Judge: Sheila M. Finnegan |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, HEAVNER, SCOTT, BEYERS & MIHLAR, LLC (hereinafter "Heavner Defendant), through their attorney, KONICEK & DILLON, P.C., and as and for their answer to Plaintiff's Complaint, states as follows:

### VENUE AND JURISDICTION

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

**ANSWER:    Deny.**

2.      Venue in this District is proper because Defendant does business here and a substantial part of the events which are the subject of this suit occurred here.

**ANSWER:    Deny.**

### PARTIES

3.      Plaintiff, Lisa D. Runyon, ("Plaintiff') is a natural person and resident of the State of Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:    Deny.**

4.      Defendant, Heavner, Scott, Beyers & Mihlar, LLC ("Defendant") is a corporation that acts as a "debt collector" as defined by and within the meaning of U.S.C. § 1692a(6) of the FDCPA and is engaged in the business of collecting debts in this State where Defendant

regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the courts, mails and telephone.

**ANSWER:** **Admit the allegations set forth in Paragraph 4 of Plaintiff's Complaint at Law, but deny the Defendant was seeking to collect consumer debt from Plaintiffs.**

5.      Defendant was acting as a debt collector as to the delinquent consumer debt it was attempting to collect from the Plaintiff.

**ANSWER:** **Deny.**

6.      Defendant is authorized to conduct business in Illinois and maintains a registered agent here. (Exhibit A, Record From Illinois Secretary of State).

**ANSWER:** **Admit.**


## FACTS

7.      Plaintiff incurred a mortgage obligation to Bank of America for a mortgage loan obtained to purchase their home in Shipman, Illinois. Plaintiff thus incurred a debt as that term is defined at 15 U.S.C. § 1692 a(5) of the FDCPA ("alleged debt").

**ANSWER:** **Defendant admits Plaintiff incurred debt, further answering, Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint at Law.**

8.      Due to her financial hardship, Plaintiff fell behind in making scheduled payments on the loan, and Plaintiff defaulted on the alleged debt.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Plaintiff's Complaint regarding financial hardship and therefore denies the same, further answering, Defendant admits remaining allegations of Paragraph 8 regarding Plaintiff's default.**

9.      Bank of America thereafter referred the alleged debt to Defendant for collection.

**ANSWER:** **Admit.**

10.      On or around July 23, 2012, Defendant mailed to Plaintiff a three-page letter, which in bold capital letters read as follows:

**YOUR MORTGAGE LOAN HAS BEEN REFERRED TO OUR FIRM FOR FORECLOSURE**

(Exhibit B, Letter sent from Defendant dated July 23, 2012).

**ANSWER:     Admit.  However further answering, Defendant states that July 23, 2012 letter is the best evidence of the content of that letter.**

11.     Said letter further stated that "It is not too late to explore alternatives", implying that reinstatement and/or loan modification is an option available to the Plaintiff. (Exhibit B, Letter sent from Defendant dated July 23, 2012).

**ANSWER:     Defendant admits that the letter offers alternatives for Plaintiff to avoid foreclosures, further answering, Defendant denies the remaining allegations as to what the letter implies, and states that the letter is the best evidence of the contents thereof, and to the extent Plaintiff's allegations are inconsistent with the letter, the same are denied.**

12.     Defendant's letter offering alternatives to foreclosure, that involve the repayment of the alleged debt, qualifies the letter as a communication in connection with an attempt to collect a debt. *See, e.g., Gburek* v. *Litton Loan Servicing LP*, 614 F.3d 380, *386*(7th Cir. 2010).

**ANSWER:     Deny.**

13.     Defendant's letter was the initial communication with Plaintiff in connection with the collection of the alleged debt.

**ANSWER:     Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Plaintiff's Complaint and therefore denies the same.**

14.     Defendant's letter was the only letter sent to Plaintiff by Defendant.

**ANSWER:     Admit.**

15.     Defendant's letter stated, in part, as follows:

**NOTICE TO CONSUMER PURSUANT TO FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

1.  The amount of the debt is set forth in the attached Complaint.

2.  The name of the Creditor is the named Plaintiff in the attached Complaint.

(Exhibit B, Letter sent from Defendant dated July 23, 2012).

**ANSWER:  Defendant states that the letter of July 23, 2012 is the best evidence of the content of that letter and to the extent that Plaintiff misstates or mischaracterizes the contents of that letter, the same is denied.**

16.     Defendant did not attach a complaint to the letter.
**ANSWER:    Admit.**

17.     In fact, Defendant had not even filed a complaint against Plaintiff at or before the time it sent its letter to the Plaintiff.

**ANSWER:    Admit.**

18.     Defendant's letter misrepresented that a complaint had already been filed against Plaintiff, on or before July 23, 2012, to collect the alleged debt.

**ANSWER:  Defendant states that the July 23, 2012 letter is the best evidence of the contents of the letter and to the extent that the allegations set forth in Paragraph 18 of the Plaintiff's Complaint misstate or mischaracterize the contents of the letter, the same is denied.  Defendant further denies the letter misrepresents status of Complaint or that Complaint had actually been filed.**

19.     In fact, Defendant did not file a complaint against Plaintiff until two weeks later, on August 7, 2012.

**ANSWER:    Defendant admits that the Complaint was not filed until August 7, 2012.**

20.     At no time did Defendant serve Plaintiff with the complaint it filed on August 7, 2012.

**ANSWER:    Admit.**

21. 15 U.S.C. §1692g of the FDCPA states in part as follows:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

**ANSWER:      Admit.**

22.      Defendant's letter, which was the initial and sole communication with Plaintiff regarding the alleged debt, did not state the amount of the alleged debt.

**ANSWER:      Deny.**

23.      Defendant's letter, which was the initial and sole communication with Plaintiff regarding the alleged debt, did not identify the creditor of the alleged debt.

**ANSWER:      The letter is the best evidence of the content of the letter, further answering, Defendant denies the letter was the only communication Plaintiff received from bank and further denies that the letter fails to identify the creditor.**

24.      Because Defendant failed to communicate to Plaintiff the amount of the alleged debt it sought to collect, and the creditor to which the alleged debt was owed, Plaintiff did not have the information that she required in order to be able to determine if she disputed the

alleged debt, and Plaintiff was thus stripped of her ability and right to obtain verification of the alleged debt thereby.

**ANSWER:**     **Deny.**

25.     The misrepresentations in Defendant's letter created a false sense of urgency in Plaintiff, who suffered extreme emotional distress, anxiety, confusion, nervousness, and panic as a result.

**ANSWER:**     **Deny.**

26.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v.* GC *Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**     **Paragraph 26 of the Complaint at Law sets forth a legal conclusion and therefore requires no answers thereto.  However, to the extent that any assertion in Paragraph 26 of the Complaint may be construed as asserting a fact, the same is denied.**

### COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

27.     Plaintiff incorporates paragraphs 1-26.

**ANSWER:**     **Defendant repeats and reasserts their answers to Paragraphs 1 through 26 of the Complaint at Law as though fully set forth in this Count I of the Complaint at Law as and for their answers to Paragraphs 1 through 26 of this Count I.**

28.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a.     Defendant violated 15 U.S.C. §1692e by falsely representing that a complaint had been filed against Plaintiff to collect the alleged debt;

   b.     Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the legal status of the alleged debt;

   c.     Defendant violated 15 U.S.C. §1692e(10) by falsely representing that the amount of the debt, and the name of the creditor, have been provided to Plaintiff in an attached complaint;

   d.     Defendant violated 15 U.S.C. §1692f by unfairly representing that a complaint had been filed against Plaintiff to collect the alleged debt, when in fact no complaint had yet been filed;

    e.      Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff, within five days of its initial communication with Plaintiff in connection with the collection of the alleged debt, a written notice containing the amount of the debt;

    f.      Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of its initial communication with Plaintiff in connection with the collection of the alleged debt, a written notice containing the name of the creditor;

**ANSWER:** **Deny.** **Defendant specifically denies each and every allegation of sub-paragraphs a through f of Paragraph 28 of Count I of Plaintiff's Complaint at Law.**

      **WHEREFORE,** Defendant, Heavner, Scott, Beyers & Mihlar, LLC, respectfully requests that this Court enter judgment in favor of the Defendant and against Plaintiff and that this Court further order whatever other relief it deems just and reasonable under the circumstances, including but not limited to the reasonable fees and expenses incurred by Defendant in defending this unfounded matter.

### <u>JURY DEMAND</u>

      Defendant demands trial by jury.

                                   Respectfully submitted,

                                   /s/Michael P. Hannigan

                                   Michael P. Hannigan

Daniel F. Konicek (6205408)
Michael P. Hannigan (6190132)
Amanda J. Hamilton (6306098)
KONICEK & DILLON, P.C.
21 West State St.
Geneva, IL  60134
(630) 262-9655